CORNETT, APPELLEE, *v.* KELLER, ADMR., BUREAU OF WORKMEN'S COMP., ET AL., APPELLANTS.

(No. 1335—Decided November 17, 1969.)

Messrs. *Rice, Rice & Rice,* for appellee.

Messrs. *Tatgenhorst & Tatgenhorst,* for appellant Fisher Body Division of General Motors Corporation.

Mr. *William B. Saxbe,* attorney general, and Mr. *Ted R. Greiner,* for appellant Elmer A. Keller, Administrator, Bureau of Workmen's Compensation.

HESS, J. This is an appeal on questions of law from the Court of Common Pleas of Butler County. The parties will be referred to as they appeared in the Court of Common Pleas.

On April 28, 1966, the plaintiff filed a notice of appeal from the action of the Administrator of the Bureau of Workmen's Compensation disallowing his claim for personal injury which he alleges grew out of, and in the course of, his employment with the Fisher Body Division of General Motors Corporation. An amended petition was filed on July 8, 1966, by the plaintiff, and answers were duly filed by the defendants. The case went to trial before a jury on January 9, 1969, and a verdict was returned in favor of the plaintiff. Judgment was entered in favor of the plaintiff

on February 25, 1969. On February 28, 1969, the defendant Fisher Body Division, General Motors, filed a motion for judgment in its favor notwithstanding the verdict, which motion was overruled on April 12, 1969. On April 25, 1969, the defendants filed their notice of appeal "from the judgment entry herein," and from the entry overruling the motion for judgment notwithstanding the verdict entered on April 12, 1969. The bill of exceptions was filed in the Court of Common Pleas on May 2, 1969, and with this court on May 22, 1969.

After filing their notice of appeal on April 25, 1969, the defendants filed in the Court of Common Pleas on May 21, 1969, objections to the bill of exceptions.

The defendant Fisher Body Division of General Motors presents five assignments of error which it claims are prejudicial to it:

"1. The court erred in admitting certain evidence of plaintiff-appellee over objection of defendant-appellant.

"2. The court erred in denying defendant-appellant's special charges.

"3. The court erred in overruling defendant-appellant's motion for a directed verdict.

"4. The court erred in overruling defendant-appellant's motion for judgment notwithstanding the verdict.

"5. The verdict was against the weight of the evidence and the judgment was contrary to law."

The court will first consider whether the lower court was "in error in denying the defendant-appellant's special charges"—assignment of error No. 2.

The bill of exceptions discloses that at the close of all the evidence the trial court requested counsel to "come to the bench." "And thereupon, counsel for the defense presented the following special charges just as plaintiff's counsel was about to commence his opening argument. No request having been made prior thereto, the court refused to give said charges." Then follows a copy of the three special charges presented to the court.

By what order or method the special charges are included in the record is not disclosed in the bill of excep-

tions. The trial court summarily disposed of the special charges on the basis that, "No request having been made prior thereto" (before the conference at the bench), "the court refused to give said charges."

It does not appear in the bill of exceptions that the trial court considered, approved or refused the special charges on the premise they were or were not correct statements of the law in keeping with the evidence presented.

In relation to trial procedure, Section 2315.01 (E), Revised Code, provides that "when the evidence is concluded, either party may present written instructions to the court on matters of law and request them to be given to the jury, which instructions *shall be given or refused by the court before argument to the jury is commenced.*" (Emphasis added.)

Counsel for the defendant Fisher Body Division of General Motors did present special charges before the commencement of argument. At that time it was the duty of the court to consider, approve or refuse them. The failure of the court to consider, approve or refuse the special charges presented by counsel for defendant Fisher Body was prejudicial error.

In the fifth assignment of error the defendant Fisher Body Division, General Motors, contends that the judgment entered in favor of the plaintiff herein "was contrary to law." This assignment of error is discussed and determined in our consideration of the second assignment of error, and there is no necessity for us to consider the other assignments of error.

This court having determined that the failure of the trial court to consider, approve or refuse the special charges as required by Section 2315.01 (E), Revised Code, was prejudicial error, the judgment entered in favor of the plaintiff is reversed and this cause is remanded to the Court of Common Pleas, Butler County, for further proceedings according to law.

*Judgment reversed.*

SHANNON, P. J., and HILDEBRANT, J., concur.