HOUSTON, APPELLANT, *v.* DAWSON, APPELLEE.

[Cite as Houston v. Dawson (1972),
33 Ohio App. 2d 190.]

(No. C-72162—Decided November 13, 1972.)

*Messrs. Schulzinger & Immerman* and *Mr. Harvey A. Immerman,* for appellant.

*Messrs. McIntosh & McIntosh* and *Mr. Bruce B. McIntosh,* for appellee.

HESS, P. J. This appeal from the Court of Common Pleas of Hamilton County, Ohio, is taken from the denial

of plaintiff-appellant's motion for a new trial. The facts pertinent to this appeal are not disputed. Reference to the parties hereinafter will be as they appeared in the trial court.

Plaintiff was a passenger in an automobile which collided with another vehicle operated by the defendant. The complaint alleges that the plaintiff was injured and that her injuries were caused by the negligence of the defendant. The trial commenced, the parties presented their evidence and the trial court charged the jury. After the charge, the following summation was placed in the record by the trial court:

"Now, let the record show that the evidence in this case was over on March 2nd, at which time counsel for the defendant produced two requests to charge, which the court permitted, and counsel for the plaintiff produced none.

"The next morning, March 3rd, at 9:00 a. m., five requests were produced at the time of argument, and the court for that reason refused to accept them at that time because the court had prepared its charge on March 2nd."

Thereafter the jury retired, and after deliberations returned a verdict for the defendant, Velma Dawson. Plaintiff's subsequent motion for a new trial was overruled.

On appeal, plaintiff presents two assignments of error. Plaintiff states in the second assignment of error that the "trial court erred in refusing to accept, use and/or consider plaintiff's requested instructions, to the prejudice of plaintiff."

Prior to the enactment of the Ohio Rules of Civil Procedure, effective July 1, 1970, R. C. 2315.01(E) defined the period within which a party could present requested instructions to the trial court. That section provided that:

"When the evidence is concluded, either party may present written instructions to the court on matters of law and request them to be given to the jury, which instructions shall be given or refused by the court before the argument to the jury is commenced."

This Court of Appeals held in *Cornett* v. *Keller*, 21 Ohio App. 2d 255, decided in 1969, that under the provisions of

Section 2315.01(E), Revised Code, "the failure of a Common Pleas Court to consider and approve or refuse special instructions presented by counsel before commencement of argument to the jury is prejudicial error."

Under current procedure, the submission of requested instructions to the court is controlled by Civ. R. 51(A), which provides, in pertinent part, that either party may submit written requests for jury instructions "at the close of the evidence or at such earlier time during the trial as the court reasonably directs * * *." The phrase, "before the argument to the jury is commenced," becomes significant by its omission from the civil rule when the provisions of Civ. R. 51(A) and R. C. 2315.01(E) are compared. The conclusions to be reached from the omission of the quoted phrase is that the prior Ohio procedure, as contained in R. C. 2315.01(E), and as announced in *Cornett, supra,* has been altered by the enactment of the Civil Rules.

Under the current procedure, set forth in Civ. R. 51(A), a party may no longer submit requested jury instructions requiring the consideration of the court at any time during the trial period following the close of the evidence and prior to the commencement of final argument. Civ. R. 51(A) requires the court to give the parties the opportunity to submit requested instructions at the close of the evidence or at any earlier reasonable time at trial. Once the opportunity to present requested instructions has been given, the trial court is not required to consider requested instructions submitted thereafter and may, within its discretion, refuse to consider such requests.

Such a construction of Civ. R. 51(A) is required for a more orderly and efficient operation of the trial court and is consistent with Civ. R. 1 (B), which provides that the Civil Rules "shall be construed and applied so as to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice."

The record in the instant case discloses that the trial court gave the parties the opportunity to submit their requested jury instructions at the close of the evidence on

March 2, 1972. The plaintiff did not submit requested instructions at that time. Consideration of plaintiff's requested instructions submitted on the morning of March 3, 1972, was a matter within the sound discretion of the trial court under Civ. R. 51(A). The trial court's refusal to consider plaintiff's untimely requests for jury instructions does not constitute an abuse of discretion on the facts in the instant case.

For the reasons presented, the second assignment of error is without merit.

In the first assignment of error in plaintiff's appellate brief the claim is made that certain parts of the court's charge were erroneous. The argument advanced in support is, first, that the facts of the case did not warrant an instruction on contributory negligence, and, second, that the instruction to the jury to the effect that the defendant was not required to prove anything was an incorrect statement of the law.

The partial transcript of the proceedings before this court does not contain the evidence presented at trial and therefore contains no support for the contention on appeal that the challenged instruction was not warranted by the facts. Further, the challenged instruction states that contributory negligence, if any, of the driver of the vehicle in which plaintiff was a passenger cannot be imputed to the plaintiff. The instruction cannot be claimed to be prejudicial.

Relative to the second argument advanced in support of the first assignment of error, a defendant in a tort case may rebut the evidence presented but is under no mandatory duty to present proof of matters of defense.

For the reasons presented, the first assignment of error is without merit.

It is, therefore, ordered by the court that the judgment of the Court of Common Pleas of Hamilton County be, and the same hereby is, affirmed.

*Judgment affirmed.*

YOUNG and SHANNON, JJ., concur.